[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10110
Non-Argument Calendar
_____

Agency No. A046-74-918

ASIF GULZAR PASHA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 19, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Asif Gulzar Pasha, a native and citizen of Pakistan with counsel, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") determinations that Pasha was removable pursuant to 8 U.S.C. § 1227(a)(3)(D) and (a)(6), and the IJ's decision to pretermit Pasha's application for cancellation of removal based on 8 U.S.C. § 1229b(a).

Despite not being a United States citizen, Pasha voted in the 2004 general elections in North Carolina.  On appeal, Pasha first argues that he was not removable pursuant to 8 U.S.C. § 1227(a)(3)(D) because he derived no cognizable benefit by misrepresenting that he was a citizen and did not have the requisite mens rea when he signed the voter application.  Second, Pasha contends that he was not removable pursuant to 8 U.S.C. § 1227(a)(6)(A) because he did not understand that he was ineligible to vote when he did.  Third, Pasha contends that he was eligible for cancellation of removal because the agency should have imputed his father's time spent in the United States as a lawful permanent resident ("LPR") to Pasha himself.

We review the BIA's decision as the final judgment, except to the extent it expressly adopts the IJ's opinion or reasoning.  Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Insofar as the BIA adopts the IJ's reasoning, we will review the IJ's decision as well.  Id.

We review the BIA's factual determinations under the "highly deferential substantial evidence test." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). In applying this highly deferential test, we will "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1027. We must affirm the BIA's decision if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id.

We review questions of law de novo, giving appropriate deference to the BIA's reasonable interpretation of the INA. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1326 (11th Cir. 2003).

I.

Pursuant to 8 U.S.C. § 1227(a)(3)(D)(i), "[a]ny alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any Federal or State law is deportable."

Despite Pasha's assertions to the contrary, the right to vote in elections in North Carolina is a "benefit" reserved for citizens. See N.C. Gen. Stat. § 163-55(a) (listing individuals eligible to vote); id. § 163-82.19(a) (stating that "it is a felony for a person who is not a citizen of the United States to apply to register to

3

vote" in North Carolina); see also Mathews v. Diaz, 426 U.S. 67, 78 & n.12, 96 S. Ct. 1883, 1890 & n.12 (1976) (noting that "a host of constitutional and statutory provisions rest on the premise that a legitimate distinction between citizens and aliens may justify attributes and benefits [such as the right to vote] for one class not accorded to the other").

We disagree with Pasha's argument that he cannot be deported under § 1227(a)(3)(D)(i) unless he fully understood the consequences of his false representation.  To affirm the BIA's decision, there need only be substantial evidence showing that Pasha "falsely represented . . . himself to be a citizen of the United States" to obtain the "benefit" of the right to vote.  See § 1227(a)(3)(D)(i).

According to North Carolina election law regarding voter registration, the DMV shall

> modify its forms so that any eligible person who applies for . . . a
> drivers license . . . may, on a part of the form, complete an application
> to register to vote, or . . . to preregister to vote.  The person taking the
> application shall ask if the applicant is a citizen of the United States.
> If the applicant states that the applicant is not a citizen of the United
> States, or declines to answer the question, the person taking the
> application shall inform the applicant that it is a felony for a person
> who is not a citizen of the United States to apply to register to vote.
> Any person who willfully and knowingly and with fraudulent intent
> gives false information on the application is guilty of a Class I felony.
> The application shall state in clear language the penalty for violation
> of this section.

4

N.C. Gen. Stat. § 163-82.19(a).

Under penalty of perjury, Pasha signed one of these DMV forms and indicated that he was a United States citizen, even though he knew that he was not. This false representation gave him the benefit of the right to vote. After he falsely filled out the application, he further acted on the misrepresentation by actually voting in the 2004 general elections.

Given these facts, we conclude that substantial evidence supports the BIA's determination that Pasha is removable under § 1227(a)(3)(D)(i) because he "falsely represented . . . himself to be a citizen of the United States" to obtain the "benefit" of the right to vote. See § 1227(a)(3)(D)(i).[1]

II.

Because we find that Pasha is deportable under § 1227(a)(3)(D)(i), we need not address whether he is also deportable under 8 U.S.C. § 1227(a)(6)(A), which states that "[a]ny alien who has voted in violation of any Federal, State, or local

---

[1]    In the portion of his brief dealing with § 1227(a)(3)(D)(i), Pasha cites the Ninth Circuit decision in McDonald v. Gonzales, 400 F.3d 684 (9th Cir. 2005), for the proposition that he can be deported only if the government shows that he knowingly voted when he was not entitled to do so. However, McDonald involved a deportation under 8 U.S.C. § 1227(a)(6)(A), which requires courts to determine whether an alien's acts constituted a violation of a particular federal, state, or local voting law. In McDonald, the court looked to Hawaii's voting laws, which required that the person "knowingly" vote when she was not entitled to do so. 400 F.3d at 687. However, under § 1227(a)(3)(D)(i), the provision at issue here, Pasha need not have violated any particular voting law or criminal statute; he need only have falsely represented that he was a citizen for any purpose or benefit.

5

constitutional provision, statute, ordinance, or regulation is deportable."

III.

Pursuant to 8 U.S.C. § 1229b(a), the Attorney General may cancel removal in the case of an alien who is deportable from the United States if the alien (1) has been lawfully admitted for permanent residence for not less than five years, (2) has resided in the United States continuously for seven years after having been admitted in any status, and (3) has not been convicted of any aggravated felony.

It is undisputed that Pasha does not personally meet the requirements of § 1229b(a), but he contends that his father's years of continuous residence should be imputed to Pasha's status.  The BIA has previously construed § 1229b(a) not to allow imputation of a parent's years of continuous residence or lawful permanent resident status to his or her child.  The Supreme Court recently concluded that the BIA's construction is reasonable and thus entitled to our deference.  Holder v. Martinez Gutierrez, ___ U.S. ___, ___, 132 S. Ct. 2011, 2017 (2012).  Because Pasha does not "satisfy § 1229b(a)'s requirements on his own, without counting [his] parent's years of continuous residence or LPR status," id., we find that the BIA did not err by pretermitting Pasha's application for cancellation of removal.

**PETITION DENIED.**[2]

---

[2]    Pasha's request for oral argument is DENIED.